# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE G. GRAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV913 JAR |
| | ) | |
| THE OUTSOURCE GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). To state a viable claim for relief, a civil rights plaintiff must plead facts, not conclusions, to support his causes of action. *E.g., Gregory v. Dillards, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009) (en banc). "A plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right." *Id.* (quotations and citation omitted).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1981 for race discrimination in employment. Specifically, in his complaint against The Outsource Group ("Outsource"), plaintiff once again alleges that he was denied employment at Outsource because he is an African-American male. Although plaintiff admits that this is his third case against The Outsource Group in this Court, he asserts that he is allowed to "re-file" his claims because they are "saved" under the Missouri Savings Statute. *See* Mo.Rev.Stat. § 516.230.

## Prior Litigation Against The Outsource Group

On December 19, 2013, plaintiff filed a Civil Rights complaint against Outsource based on the same set of facts as those alleged in the instant § 1981 action. *Gray v. The Outsource Group,* 4:13CV2537 TCM (E.D. Mo.). On April 21, 2014, plaintiff filed a motion for leave to amend in that case. On May, 7, 2014, Judge Mummert denied the motion to amend as futile. Plaintiff filed a second case against defendant Outsource thirty (30) days later, which was dismissed as vexatious, malicious and duplicative. *See Gray v. The Outsource Group*, 4:14CV1059 AGF (E.D.Mo.). The dismissal was affirmed by the Eighth Circuit Court of Appeals on September 30, 2014. *See Gray v. The Outsource Group*, No. 14-2550 (8th Cir. 2014).

On March 5, 2015, Judge Mummert granted summary judgment to The Outsource Group in plaintiff's original discrimination action. *See Gray v. The Outsource Group*, 4:13CV2537 TCM (E.D.Mo.), Docket No. 84. In the Memorandum and Order finding for The Outsource Group, the Court found that there was no direct evidence of discrimination against plaintiff or evidence of Outsource using a particular employment practice that caused a disparate impact on one particular race, as plaintiff challenged. Under the burden shifting analysis necessary for a disparate treatment claim, the Court found that Outsource had established their prima facie case and plaintiff had failed to establish pretext or a separate claim of retaliation. Accordingly,

summary judgment was granted in Outsource's favor as to all of plaintiff's claim in his complaint. *Id.*

**Discussion**

In the instant complaint, plaintiff once again seeks to bring a lawsuit against The Outsource Group for employment discrimination, pursuant to 42 U.S.C. § 1981. His claims are identical to those brought in his prior case. See *Gray v. The Outsource Group*, 4:13CV2537 TCM (E.D.Mo.). Thus, they appear to be barred by the doctrine of res judicata.

Res judicata, or claim preclusion, applies against parties who participated in prior proceedings and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Regions Bank v. J.R. Oil Co.*, LLC, 387 F.3d 721, 731 (8th Cir.2004). Under claim preclusion, a final judgment bars any subsequent suit where "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir.1998). The Eighth Circuit interprets the phrase "the same claims or causes of action" to mean claims that arise out of the same nucleus of operative facts. *Banks v. International Union EETSM Workers*, 390 F.3d 1049, 1052 (8th Cir.2004) (noting the court adopted the position of the Restatement (Second) of Judgments, § 24).

Without addressing the doctrine of res judicata, plaintiff asserts that his claims should be "saved" by the Missouri Savings Statute. *See* Mo.Rev.Stat. § 516.230. This Court finds that res judicata applies in the present action and that plaintiff does not have the right to benefit from the Missouri Savings Statute.

In order to benefit from the Missouri Savings Statute, a litigant must meet three requirements: (1) the original action must have been timely filed; (2) the second cause of action

must be the same as the first; and (3) the plaintiff must have suffered a **nonsuit in the first cause of action** (emphasis added). *See Molder v. Trammell Crow Services, Inc.*, 309 S.W.3d 837 (Mo.Ct.App. 2010). Unfortunately for plaintiff, when summary judgment was granted for Outsource in his prior lawsuit, it was a judgment on the merits, and judgment was granted in Outsource's favor.[1] As such, plaintiff's case was terminated and he did not suffer a "non-suit" in his prior case. *See Gray v. The Outsource Group*, 4:13CV2537 TCM (E.D.Mo.).

In addition to res judicata, it is apparent that plaintiff is attempting to harass Outsource with what appears to be a third lawsuit in this Court. This is also grounds for termination of the present action, pursuant to 28 U.S.C. § 1915 under the maliciousness standard of the statute.

A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. *Spencer v. Rhodes*, 656 F. Supp. 458, 463 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Id.* at 461-63. The facts and circumstances surrounding the filing of this case suggest that plaintiff's motives are malicious. This action is duplicative of the case that was already decided by Judge Mummert. This suggests that plaintiff is merely attempting to harass Outsource by filing vexatious litigation. Thus, the complaint should be dismissed for this reason as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

---

[1] *See* Federal Rule of Civil Procedure 41(b). The "Order of Dismissal" attached to the Memorandum and Order granting summary judgment to The Outsource Group "operate[d] as an adjudication on the merits."

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will be filed separately.

Dated this 24th day of June, 2014.

                                   /s/ John A. Ross
                                   JOHN A. ROSS
                                   UNITED STATES DISTRICT JUDGE